Wanamaker, J.
The major question in this case centers about the doctrine of lis pendens. What is this doctrine? It is perhaps most clearly and concisely stated in 25 Cyc., 1450:
“The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceeding, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceeding, or had actual notice of the pend-ency of the proceeding, and even where there was no possibility of his having had notice of the pend *37 eney of the litigation. It is immaterial that a purchaser was a bona fide purchaser and for a valuable consideration. While there is no doubt whether lis pendens has the effect of constructive notice, it is almost universally held that strictly speaking the doctrine of Ms pendens is not founded upon notice but upon reasons of public policy founded upon necessity. For practical purposes, however, it is immaterial whether the doctrine of Us pendens be considered as based on constructive notice or on public policy. It has been said that it is essential to the existence of a valid and effective lis pendens that three elements be present:' (1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or. res involved must be sufficiently described in the pleadings. It may be .added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.”
At page 1459 the doctrine is briefly discussed as to actions for divorce or to compel support:
“Ordinarily a suit for divorce or to compel support, being of a personal nature, is not Us pendens; but a suit for divorce and alimony is Us pendens where the complaint describes specific property which is sought to be set apart to the complaining party or charged with the payment of the sum claimed, and where such relief may be granted in a proper case.” ' (With a large number of cases cited.)
The Court of Appeals applied this doctrine in favor of Rose Mozer upon the authority of Tolerton v. Williard, 30 Ohio St., 579.
*38 The syllabus in that case reads as follows:
“If a petition for divorce and alimony by the wife specially describes certain real estate of the husband, charging it with equities of the wife, and asking an injunction to prevent alienation pendente lite, and also equitable relief, and the decree therein is such as that from it, it may be found that the court acted on those equities and favorably thereto, the proceedings operate as a lis pendens, and the decree for alimony and settling equities will be a lien on the lands, preferable to that of a mortgagee who had actual notice of the proceedings for divorce and alimony, and whose mortgage was executed and recorded, pending those proceedings."
In the opinion of this case, the court quotes Hamlin’s Lessee v. Bevans, 7 Ohio, pt. 1, 161, 164, 28 Am. Dec., 625. This case involved a question of priority between judgments and a decree for alimony. The court said:
“Where the object of a suit, in law or in equity, is to recover specifically a described piece of real estate, the pendency of the suit is held to be notice to all the world of the claim, and a final judgment or decree in his favor overreaches intermediate purchases, that is, purchases made pending the suit. * * * So, if the suit be against a trustee, to affect his title to land as trustee, and a final decree be rendered to that effect, the land is bound from the service of process."
Judge Wright at page 588 of the opinion in the Tolerton case, supra, further observed:
“In that case [Hamlin’s Lessee, supra], the court observe that the petition for divorce alleged no claim to any specific tract of land. * * *
*39 “In the case before us, the property is described so that any who chose to inquire might find out precisely what it is.”
This doctrine is sound and wholesome, in that it preserves the status quo of all conflicting rights and interests in the property in question until there is a final adjudication of the issues raised in the pending suit.
The judgment of Fred Cook, obtained upon a cognovit note upon which he caused execution to issue against the identical property claimed by Rose Mozer, fully described in her petition for divorce, could not become in any sense a charge upon that property until September, 1920. Said suit for divorce, alimony and equitable relief, describing the identical property, having been brought the preceding July, 1920, any prospective creditor of Charles Mozer was bound in law and fact to take cognizance of the relation that Rose Mozer sustained to him as his wife, together with all the liabilities that arose by reason of such relations, which are for the purposes of this case fully pleaded in the petition as to her husband’s property, whether vested, contingent, or inchoate.
These various interests of the wife in the property of the husband, while the marriage contract is being fully and faithfully observed, are largely, of course, contingent and inchoate. When, however, that marriage contract has been breached and that breach is pleaded in a pending suit between the parties, with full notice to all the world of such breach, and the property rights and interests claimed, such breach under the laws of Ohio enlarges those property rights so as to permit not *40 only a setting off of the wife’s individual property free from all claims of the husband, but likewise permit an equitable division of the husband’s property by reason of his aggressions. As to all this, the pending suit is notice to all prospective creditors, including Charles Mozer’s brother-in-law and his assignee.
It must be further remembered that this action in injunction was brought by the wife, Eose Mozer, against Fred Cook and the sheriff, both of whom filed answers, which were replied to with a general denial, followed by motion made in the court of common pleas for judgment on the pleadings. Thai motion was made by Fred Cook.
The case was appealed to the Court of Appeals upon the same pleadings and the same motion, whereupon that court entered judgment in favor of Eose Mozer.
Upon that state of the pleadings there were certain very important facts in issue, among which was the fraud and collusion between the husband and his brother-in-law, to whom the original note was given, which the brother-in-law subsequently assigned to Fred Cook. It was claimed that such fraud and collusion had for its purpose the defeat of the wife as to her equities and alimony in said property.
The Court of Appeals, however, took the view that the major question—the doctrine of lis pendens —controlled the case, notwithstanding the issues of fact still involved in the pleadings, and Fred Cook having made the motion is not now in a position to complain by reason of the remaining issues of fact-involved in the pleadings being undecided.
*41 From the whole record, we find that substantial justice was done, and the judgment below is therefore affirmed.

Judgment affirmed.

Jones, Day and Allen, JJ., concur.
Kobinson, J., concurs in the syllabus, but not in the judgment.